## The People of the State of Illinois et al., for use, etc., v. Isaac Hudson et al.

1. MUNICIPAL CORPORATIONS—*Mayor May Rely upon Counsel's Decision and Sign Warrants.*—When claims have been duly audited and ordered paid by the city council, the mayor is under no legal or moral obligation to overrule its decision, and may rely upon the action of the council and sign warrants for the payment of such claims and will not be liable, unless he act in bad faith, fraudulently or corruptly.

Debt, on an official bond. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

J. K. MARTIN, city attorney, E. J. MILLER and JOHN R. EDEN, attorneys for appellants.

R. M. PEADRO, M. A. MATTOX and W. K. WHITEFIELD, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was upon the official bond of Isaac Hudson, as mayor of the city of Sullivan, for signing certain warrants upon the city treasury, which it is claimed were illegal charges against the city and for which it was not legally responsible; such, for instance, to the city attorney for revising ordinances, while he was serving under a salary of $100 per year; for attorney fees in a suit against the city officers for an act required of them by the city council; and to

others for expenses incurred in the same suit. Among other facts, the defendants in this suit pleaded that the claims for which warrants were signed and issued, were duly audited by the city council, and the order for warrants passed by a yea and nay vote of the aldermen, while in session as such city council, and that they were signed by the mayor only after being so passed and ordered. The court overruled a demurrer to this plea, and plaintiffs abiding such demurrer, final judgment in bar of action was entered by the court, to reverse which this appeal is brought, and the action of the court in overruling the demurrer is argued to effect such reversal.

We are of the opinion the plea stated a good defense to the action. The claims having been duly audited and ordered paid by the city council, the mayor was under no legal or moral obligation to overrule their decision, and might rely upon the action of the council and obey its order as he did, and for this he is not liable, unless he acted in bad faith, fraudulently or corruptly, and nothing of this kind was replied to the plea.

The judgment of the Circuit Court will be affirmed.